FILED
2018 Oct-18  PM 05:59
U.S. DISTRICT COURT
N.D. OF ALABAMA


# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SUSAN ISMAIL, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) 2:18-cv-01345-JHE |
| ASCENSIONPOINT RECOVERY SERVICES, LLC, | ) |
| Defendant. | ) |

## REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties held a planning meeting by telephone on October 9, 2018.  The participating counsel were as follows:

John C. Hubbard for Plaintiff Susan Ismail.

Tina Lam for Defendant AscensionPoint Recovery Services, LLC ("APRS").

**A.**     **Brief Description of the Nature of the Case.**

    **1.**     **Plaintiff's brief narrative statement of the facts and the causes of action:**

Plaintiff was appointed Personal Representative of her late husband's estate in October 2017.  Plaintiff was represented by counsel during the probate process and counsel's name and contact information was publicly available on the probate filings.  A Notice of Creditors was published in the Alabama Messenger in October-November 2017.

Defendant AscensionPoint attempted to collect a debt from the estate around July 2018 by sending a letter to the estate and it was received by Plaintiff at her home.

It is Plaintiff's position that this collection attempt violates three sections of the FDCPA.  First, it was sent to Plaintiff instead of her attorney.  Second, it fails to include the required disclosures that Defendant AscensionPoint is a debt collector and any information obtained would be used for that purpose.  Finally, the alleged debt is time barred under Alabama probate law.

2.   **Defendant's brief narrative statement of the facts and defenses:**

APRS did not have knowledge of the probate matter or that Plaintiff was represented by counsel when it sent the letter subject of Plaintiff's Complaint. APRS did not communicate with Plaintiff or Plaintiff's counsel after receipt of notice of the probate matter or notice of the possibility that Plaintiff was represented by counsel, on August 17, 2018. Documents filed in the probate matter did not provide APRS with notice that Plaintiff was represented because APRS was not a party to the probate matter. In fact, the account was not even placed with APRS until after the probate matter had concluded.

The letter that APRS sent to the estate on July 24, 2018 was an attempt to acquire location information and did not convey information concerning any debt. As a result, it is not a "communication," as that term is defined by the FDCPA. 15 U.S.C. § 1692a(2). *See, e.g., FTC Statement of Policy Regarding Communications in Connection With the Collection of Decedents' Debts*, 76 FR 44915-01, 2011 WL 3099776 (July 27, 2011) (a communication seeking the acquisition of location information with respect to the collection of a decedent's debt is not considered an attempt to collect a debt).

Plaintiff's claim that "the alleged debt is time barred" lacks merit. A cause of action with respect to the debt accrued on or after October 6, 2017, when the last payment was made with respect to the debt. APRS's letter was sent less than a year later, well within any applicable statute of limitations. Regardless, APRS's July 24, 2018, letter did not seek payment of the debt – it expressly stated that its purpose was simply to acquire the location information for the individual responsible for administering the estate.

**B.   Parties' Assessment of the Complexity of the Case.**

The Parties do not anticipate any extraordinary complexities with the facts or legal issues in this case, at this time.

**C.   Discovery Plan.**[1]

The Parties jointly propose to the Court the following discovery plan: [2]

(a)   Discovery will be needed on the following issues.

(1)   Plaintiff's claims and Defendant's defenses.

---

[1] All documents exchanged in this case will be done so in the .pdf format when practicable.

[2] Service of pleadings will be perfected upon filing of the pleading with the court's CM-ECF system with no party requiring service by U.S. Mail.

    (2)    Plaintiff's alleged damages.

    (3)    Any expert testimony identified by any Party.

(b)    <u>Discovery Plan</u>. The Parties jointly propose to the Court the following discovery plan:[3]

    (i)    All discovery shall be commenced in time to be completed by **May 1, 2019.**

    (ii)    A maximum of twenty-five (25) interrogatories by each party to the opposing party. (Responses due 30 days after service).

    (iii)    A maximum of twenty-five (25) requests for production by each party to the opposing party. (Responses due 30 days after service).

    (iv)    A maximum of thirty (30) requests for admission by each party to the opposing party. (Responses due 30 days after service).

    (v)    The maximum number of depositions (whether on oral examination or written questions) that may be taken by Plaintiff or by Defendant is two (2) depositions each.

    (vi)    Reports from retained experts under Rule 26(a)(2) shall be due:

        (1)    From the Plaintiff by **January 7, 2019**; depositions of Plaintiff's experts to be completed by **February 8, 2019**; and

        (2)    From the Defendant by **March 4, 2019;** depositions of Defendant's experts to be completed by **April 5, 2019**.

    (vii)    Supplementations under Rule 26(e) shall be due as required pursuant to Federal Rule of Civil Procedure 26.

    (viii)    Disclosure of discovery of electronically stored information (ESI) should be handled as follows:

        (1)    The production of ESI should be produce in .pdf format when practicable.

---

[3] The parties agree, to the extent possible, that service of discovery can be perfected by email and which does not have to be followed by duplicative service through regular U.S. Mail. Further, service of pleadings will be perfected upon filing of the pleading with the court's CM-ECF system with no party requiring service by U.S. Mail. However, the FRCP 6(d) regarding service by mail should also apply to any service via emails.

    (2) If any party withholds information claiming a privilege or protection as trial-preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable other parties to assess the applicability of the privilege or protection.

    (3) All parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material.

 (c) Protective Order:

    (i) Federal Rules of Evidence 502 applies.

    (ii) The Parties agree to request a Protective Order from this Honorable Court for documents deemed privileged/confidential based on the following: HIPPA, attorney-client privilege, work-product doctrine, proprietary documents, or other confidential subject – matters. The Parties agree to include a provision in the Protective Order that allows the opposing party to challenge the designation of the document as confidential. Documents produced pursuant to the Protective Order cannot be used in any other trials or matters outside of this suit.

**D.** **Case's Suitability for Settlement or ADR.**

Settlement cannot be realistically evaluated prior to a decision on the motion for judgment on the pleadings that Defendant intends to file.

**E.** **Other Items.**

 \* Because APRS will be filing a Motion for Judgment on the Pleadings, APRS would respectfully request all deadlines be stayed until this Honorable Court rules on the motion. Plaintiff's counsel agrees to this stay.

 (a) The Parties do not request a conference with the court before entry of the scheduling order.

 (b) The Parties request a pre-trial conference in **August 2019.**

 (c) Plaintiff(s) should be allowed until **November 1, 2018**, to join additional parties and until **November 15, 2018,** to amend the pleadings.

(d)  Defendant should be allowed until **November 30, 2018** to join additional parties and until **December 14, 2018,** amend the pleadings.

(e)  All potentially dispositive motions should be filed by **June 1, 2019.**

(f)  Witness and Exhibit lists under Rule 26(a)(3) shall be due **30 days** prior to trial.  The parties will have **14 days** after receipt of Witness and Exhibit Lists to list objections under Rule 26(a)(3).

(g)  The case should be ready for trial by **September 20, 2019,** and should take approximately one (1) – two (2) days to try.

Dated this 18th day of October, 2018.

| | |
|---|---|
| */s/ John C. Hubbard* | */s/ Tina Lam* |
| John C. Hubbard | Neal D. Moore, III |
| John C. Hubbard, LLC | Tina Lam |
| Post Office Box 953 | Ferguson Frost Moore & Young, LLP |
| Birmingham, Alabama 35201 | 1400 Urban Center Drive, Suite 200 |
| Telephone: (205) 879-2447 | Birmingham, Alabama 35242 |
| Email: jch@jchubbardlaw.com | Telephone: (205) 879-8722 |
| *Attorney for Plaintiffs* | Facsimile: (205) 879-8831 |
| | Email: ndm@ffmylaw.com |
| | Email: lam@ffmylaw.com |
| | *Attorneys for Defendant* |